On the Merits.
The plaintiff applied for a respite and obtained an order for a meeting of creditors. The meeting was held and the respite was granted by the creditors.
*1020 The homologation of the proceedings of the meeting of the creditors was opposed by the Southern Grocer Company, Williams Tobacco Company, Wellhouse & Sons and Hancock Bros. & Co., creditors of plaintiff, who appeared at the meeting and voted against the respite being granted. In number, twelve creditors voted for the respite and seven against it. In amount, the sum of #13,028.21 was voted for and the sum of #627.39 against it.
The opponents allege in their oppositions: 1. That the plaintiff is now, and was at the time of filing her petition for respite, hopelessly insolvent. 2. That the application for relief is not made in good faith, but for purposes of delay. 3. The schedule of liabilities does not correctly show the condition of plaintiff’s affairs, as it omits the legal mortgage'in favor of the minor, James Bennett, and embraces as creditors those who have no valid claim against plaintiff, particularly L. D. McLain. In case the respite should be granted opponents pray that plaintiff be required to furnish security, as required by law. ,
The proceeding of the meeting of creditors was homologated, the prayer of opponents denied, except as to the requirement for security. The regularity of the proceedings is not questioned; no error or fraud is alleged. We think the testimony shows that the plaintiff is solvent, but embarrassed.
L. D. McLain swears that the value of the assets is a fair one.
M. Mecum, clerk of the court, says that in 1887, 1888, 1889, 1890,-he was in the employment of Mrs. Bennett. He is, so he swears, familiar with the parties whose names appear on the schedule, and he estimates that 50 per cent, of the notes and accounts are collectible.
O. O. Bridges, in his testimony, says 50 per cent, would be a fair collection of the notes and accounts.
O. P. Thornhill, an attorney at law, says that a great many of the debtors whose names appear upon the schedule are negroes, and but few of them own real estate. His opinion is that, on an average, not over 25 per cent, of the notes and accounts could be collected. Quite a number of the negro debtors, he says, have resided on plaintiff’s place at different times and the majority of them own some personal property. During the past eighteen months he had seen and known very little of them. These are the only witnesses as to the value of the notes and accounts. We think the preponderance *1021 of testimony is to the effect that 50 per cent, of them can be collected. The value of the real estate is not questioned. Deducting 50 per cent, from the notes and accounts, the assets will exceed the liabilities. We need not review the second ground, as the object of obtaining the respite is for delay to meet the obligations of the debtor.
On the second ground alleged by opponents, the testimony shows that L. D. McLain is a creditor of plaintiff for the amount .for which he was placed on the schedule.
James Bennett is the son of plaintiff, a child fourteen years of age. This minor’s mortgage omitted from the schedule is the recorded abstract of the amount of the inventory of the effects of his father’s succession. There is no evidence that the plaintiff owes the minor any sum of money. At all events his liability on said mortgage is contingent, and it may be that in a settlement of the community she may not owe him anything.
Oomplaint is also made that the schedule is not true and exact, and is not sufficiently definite. It is itemized; the notes and accounts are accurately described, and so is the immovable property. But the opponents claim that “mules, horses, cattle and farming implements attached to the plantation, $3106,” is too indefinite a description of this property. It is sufficiently identified with the plantation to which it is attached. The inventory, taken altogether, is a fair exhibit of plaintiff’s property and is a substantial compliance with the law.
The complaint that the'application for the respite was not made in good faith, we think is not sustained by the evidence.. It appears that the plaintiff referred her affairs to her brother and to her attorneys. To avoid the "necessity of a respite, .they advised a compromise with the creditors — the brother, L. D. McLain, offering to advance the money in case all the creditors accepted the. proposition. Some accepted and some declined the proposition, and the proposed settlement was of necessity abandoned. We find nothing in these several offers to adjust her indebtedness that impugns her good faith in her application for the respite,
Judgment affirmed.